Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3609 | **DATE** | 9/15/2000 |
| **CASE TITLE** | CDW Computer Centers, Inc. vs. Scott Kelley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Kelley's motion to dismiss is denied. He is ordered to file an answer to the Complaint in this Court's chambers on or before September 26, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 1 8 2000 | |
| | Notified counsel by telephone. | | date docketed | 5 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING ED-7 | 9/15/2000 | |
| SN | courtroom deputy's initials | 00 SEP 15 PM 2: 19 | date mailed notice | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CDW COMPUTER CENTERS, INC., )
)
        Plaintiff, )
)
v. ) No. 00 C 3609
)
SCOTT KELLEY d/b/a QUANTUM )
ENTERPRISES, )
)
        Defendant. )

MEMORANDUM OPINION AND ORDER

This Wednesday pro se defendant Scott Kelley ("Kelley") arrived in court well after the previously-scheduled 9 a.m. status hearing, having been unfortunately delayed in traffic. Because Kelley was thus in transit, this Court's minute clerk had been unsuccessful in attempting to reach him by telephone. Hence, after waiting for Kelley to arrive or to call in, this Court requested and was provided with a brief oral description of the parties' ongoing discovery efforts by counsel for CDW Computer Centers, Inc. ("CDW"), who were present in court. After that report this Court set a new status hearing date.[1]

When Kelley did arrive later in the morning, he filed what he characterizes as his Motion for Dismissal together with a

---

[1] As this Court told CDW's counsel, its regular practice where (as here) a lawyer or pro se party offices or resides outside of Chicago's Loop is to hold status hearings telephonically--usually at 8:45 a.m. or, if all 8:45 a.m. times are filled, occasionally at 8:30 a.m. That procedure will be followed in the future here, unless Kelley (who lives in Mundelein) decides to obtain counsel to represent him.

block of other documents (listed as attachments A through O). Because nonlawyer Kelley does not understand the legal concept of a motion to dismiss as embodied in Fed. R. Civ. P. ("Rule") 12(b)(6), his motion is denied summarily.

Under Rule 12(b)(6) this Court is required to accept all of CDW's well-pleaded allegations as true--indeed, that acceptance is coupled with the drawing of all reasonable inferences from CDW's allegations in its favor. And the standard for survival of a complaint is generous indeed, as set forth in the seminal opinion in Hishon v. King & Spalding, 467 U.S. 69, 73 (1984):

> At this stage of the litigation, we must accept petitioner's allegations as true. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

In this instance Kelley has sought to challenge some of the factual underpinning for CDW's allegations, but a Rule 12(b)(6) motion is not the vehicle for doing so. CDW's Complaint plainly suffices to charge Kelley with cyberpiracy. Kelley's motion to dismiss is therefore denied, and he is ordered to file an answer to the Complaint in this Court's chambers on or before September 26, 2000.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 15, 2000